**Carlos Enrique SILVA–JACINTO, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 00–71426.

I & NS No. A72–136–757.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2002.

Decided March 5, 2002.

Before D.W. NELSON, NOONAN, and HAWKINS, Circuit Judges.

### MEMORANDUM[1]

This petition for review challenges the INS's determination that Silva–Jacinto is

---

Court: You're not claiming that there was any fraud?
Counsel: No.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

not eligible for asylum on the basis that his fear of future persecution was not objectively reasonable. Both the Immigration Judge and the Board of Immigration Appeals found that Silva–Jacinto had a subjective fear of persecution and that his testimony was credible, reliable and consistent.[2] That testimony established that Silva–Jacinto was forcibly recruited into the Guatemalan armed forces, served honorably, but refused assignment to the G–2 division, an intelligence unit notorious for its human rights violations. Silva–Jacinto's refusal was based on his conscience and religious beliefs.[3] The G–2 did not accept Silva–Jacinto's refusal and pursued him, even after his tour of military duty ended. The pursuit continued even after Silva–Jacinto moved to another city to avoid the G–2's entreaties. Silva–Jacinto was told that his "name would go on a list"—a statement that meant he was marked for death if he persisted in refusing to join the G–2. He thereupon fled Guatemala, entered the United States and later sought asylum.

That Guatemalans who refuse the "invitation" to join the ranks of the G–2 are then routinely marked for execution—a proposition unchallenged by the INS—compels the conclusion that Silva–Jacinto's

fears of future persecution were objectively reasonable.

PETITION GRANTED.

---

2. Consistency in this context means that the applicant's testimony at the IJ hearing was consistent with, that is, did not contradict, what was stated in the asylum application. *See, e.g., Singh v. INS*, 94 F.3d 1353, 1356 (9th Cir.1996). Here, for example, it means Silva–Jacinto's testimony was consistent with his application's claim that the persecution was on account of protected grounds.

3. Apparently recognizing the failure to raise the issue at any point in the proceedings below, the INS suggests that if we find Silva–Jacinto's fears to be objectively reasonable,

the case should be remanded for a "factual" inquiry into the "on account of" requirement. The government cites no authority for this proposed disposition. By failing to raise the "on account of" issue during the entire proceedings and during the review process, the government has waived any such challenge. Moreover, our review of the record independently indicates ample proof that Silva–Jacinto has satisfied the requirement.

